UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **RODNEY C. HULSEY** | **CIVIL ACTION NO. 07-207-LC** |
| **VS.** | **SECTION P** |
| **TIA ALLEN, ET AL** | **JUDGE DOHERTY** |
| | **MAGISTRATE JUDGE METHVIN** |

*REPORT AND RECOMMENDATION*

Before the court is a pro se civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* on February 2, 2007, by Rodney Hulsey.  Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC). He is incarcerated at the Allen Correctional Center (ACC), Kinder, Louisiana.

Plaintiff alleges that while at ACC, he has been denied adequate medical[1].  Plaintiff names as defendants ACC Lieutenant Tia Allen; ACC Dietician Laurie Moorehead; Azsy Insurance Company and John and/or Joan Doe; and GEO.

---

[1] Plaintiff also claims that the defendants had a duty to provide him with a safe working environment and that they failed in that duty as they knew or should have known that the unstable drain cover would result in the slip, fall and injury of someone and they did nothing to prevent the injury. [Doc. 1-1, p. 4]. He also states that GEO had a duty to regularly inspect the work area for dangerous conditions and that they failed to do so.  Further, plaintiff alleges that had defendant Moorehead inspected the work area regularly, the injury may have been prevented.  [Doc. 1-1, p. 5].  Such claims are redressed under the general tort provisions of Louisiana law as negligence claims.  See, Louisiana Civil Code Article 2315. *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir. 1995): see also, *Hudson v. Palmer*, 104 S.Ct. 3194 (1984); *Parratt v. Taylor*, 101 S.Ct. 1908, 1913-17 (1981).  A federal district court has supplemental jurisdiction over all other claims that are so related to claims in the action within its original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). The court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3).  Because dismissal is recommended for all of plaintiff's federal civil rights claims, it is appropriate that the court decline to exercise supplemental jurisdiction over these state law claims and dismissal of those claims is recommended.  See *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir.1999); *Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir.1994).

2

Plaintiff seeks "monetary redress" [Doc. 1-1, p. 5] in the sum of $1,000,000.00, and punitive damages for the mental stress, fear and embarrassment for which he has been subjected to, and for the loss of his ability to work and earn future wages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**STATEMENT OF THE CASE**

Plaintiff alleges that on February 26, 2006, while working in ACC's kitchen, he fell on an unsecured drain cover and injured his back and legs. Plaintiff claims he received inadequate medical care following his injury.

Plaintiff states that Lieutenant Tia Allen witnessed the incident and offered him medical care. "She immediately showed her concern by asking if I was okay." [Doc. 1-1, p.10]. Plaintiff alleges that he had immediate pain in his right hamstring and ankle but that he felt nothing was broken. [Doc. 1-1, p. 10]. According to the Administrative Remedy Procedure file (ARP) and its response, Sgt. Leger then informed the infirmary of the incident. Leger was apparently asked if it was an emergency situation as all of the nurses were distributing evening pills. The infirmary requested that plaintiff remain in the kitchen until pill call was complete. [Doc. 1-1, p.8]. Plaintiff did so, and approximately one hour after the incident, plaintiff was taken to the infirmary. He complains that he was not offered a wheelchair but rather had to walk to the infirmary. Once there, he was seen by Nurse Fontenot, who noted that his vital signs were normal. He was asked to bend his back, and Nurse Fontenot checked his hamstring, which she found tight. Motrin was prescribed, as well as a five-day off-duty status. The ARP response further explained that during Nurse Fontenot's examination, a Musculoskeletal Trauma Protocol

3

sheet was completed, and plaintiff was instructed to apply hot and cold compresses to the affected area.

The response also states that plaintiff was seen by medical on March 14, 2006. During that visit, another Musculosketetal Trauma Protocol sheet was completed, plaintiff was given analgesic balm, and an appointment was made for him to see a doctor. On March 20, 2006, he saw Dr. T'Hart, who instructed him to exercise, stretch and apply the analgesic balm to the area. [Doc. 1-1, p.8].

## LAW AND ANALYSIS

### I.  Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### II.  42 U.S.C. §1983

4

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. §1983.  Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim under §1983.   In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor.  See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

Based upon plaintiff's pleadings, the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

### III.  Medical Care Claims

Medical care claims asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment.  In order to prevail on such claims, convicts must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).  Deliberate indifference in the context of the failure to provide reasonable medical care to a convicted prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious

5

harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59. "[T]he failure to alleviate a significant risk that [the official] <u>should have perceived</u>, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered my the medical staff does not state a claim of deliberate indifference to serious medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Mayweather, supra; Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1992) citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability.  The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act.  Prisoners are not constitutionally entitled to the best medical care that money can buy. *See Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992); *Woodall, supra.*   Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado*, 920 F.2d at 321. See, *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)(A disagreement with a doctor over the method and result

6

of medical treatment does not require a finding of deliberate indifference).  Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred.  *Mayweather, supra*.

In the instant case, the information provided by plaintiff indicates that plaintiff received medical treatment, including various examinations, prescriptions for medications such as Motrin, analgesic balm and compresses, and instructions to stretch and exercise.  Plaintiff's allegations, at most, state a disagreement amongst himself and the medical staff  regarding the procedures to treat his medical problems.  As previously stated, such claims are insufficient to establish that a constitutional violation has occurred, and based upon all allegations of plaintiff, the undersigned concludes that the defendants did not act with deliberate indifference to plaintiff's serious medical needs.  Furthermore, the existence of continuous medical care normally precludes a finding of deliberate indifference on the part of prison officials.  *Banuelos v. McFarland*, 41 F.3d 232, 235(5th Cir. 1995); *Mayweather, supra*.  Plaintiff  admits and his pleadings demonstrate, that he had several medical appointments.  The evidence also shows that plaintiff was prescribed medication and/or treatment during this time.  Plaintiff's claims do not establish that a constitutional violation has occurred.   Absent a constitutional violation, federal courts are generally reluctant to interfere in the internal affairs of a prison.  See *Shaw v. Murphy*, 121 S.Ct. 1475 (2001); *Procunier v. Martinez*, 94 S.Ct.  1800 (1974).  The decision regarding plaintiff's treatment is best left to the prison officials.  The facts of this matter clearly do not demonstrate that the defendants "refused to treat him, ignored his complaints, intentionally treated [plaintiff] incorrectly or evince a wanton disregard..." for plaintiff's medical needs.  To the contrary, the pleadings establish that plaintiff has been seen on several occasions by the ACC medical staff.  The evidence before the court simply does not support a finding of deliberate indifference.

7

Accordingly, this court finds that plaintiff's medical care claims should be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights claims be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C.1915A(b)(1).

**IT IS FURTHER RECOMMENDED** that the plaintiff's Supplemental State Court claims be **DISMISSED WITHOUT PREJUDICE** to plaintiff's right to refile these claims in the appropriate state court.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

8

**conclusions accepted by the District Court, except upon grounds of plain error. See**

*Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Signed in chambers on July 2, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)